IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY OF AMERICA | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. _____ |
| AMBAJI, INC. DBA ECONO LODGE, LA VERGNE | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Travelers Indemnity Company of America ("Travelers"), by and through its attorneys, and for its Complaint against Defendant, Ambaji, Inc. DBA Econo Lodge, La Vergne ("Ambaji"), respectfully states as follows:

## INTRODUCTION

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, which arises out of an existing and actual controversy between Travelers and Ambaji (collectively, the "parties") concerning the parties' rights and obligations under an insurance policy.

2. Specifically, Travelers brings this action to compel Ambaji's participation in the mandatory appraisal process provided for within the insurance policy issued by Travelers to Ambaji.

## PARTIES

3. Travelers is an insurance company incorporated in Connecticut with its principal place of business located in Connecticut. Travelers is authorized to do business in the State of Tennessee and engaged in the business of issuing insurance policies.

4. Ambaji is a Tennessee corporation with its principal place of business located in

Tennessee.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial portion of the events or omissions giving rise to this action occurred in this judicial district and the property that is the subject of this action is situated in this judicial district.

## FACTS

7. At all times relevant, Ambaji owned the property located at 107 Enterprise Blvd., Lavergne, TN 37086 (the "Hotel").

8. At all times relevant, Travelers issued an insurance policy to Ambaji concerning the Hotel under policy number IH660-7E96815A with an effective date of July 5, 2020 to July 5, 2021 (the "Policy"). A copy of the Policy is attached hereto as ***Exhibit A***.

9. The Policy insured the Hotel against certain risks of physical loss or damage caused by or resulting from any covered cause of loss unless otherwise limited or excluded by the terms of the Policy.

10. On or about July 13, 2021, Ambaji reported to Travelers that a hailstorm at the Hotel resulted in damage to the roof and interior of the Hotel (the "Loss").

11. Ambaji retained the services of a public adjuster, William Griffin. On or about November 22, 2021, Mr. Griffin provided a repair estimate for the Loss totaling $716,831.31, which included the repair of exterior hail damage and the repair of water damage to the interior of the Hotel.

12. On or about February 7, 2022, after investigating the Loss, Travelers provided Mr. Griffin and Ambaji with its initial estimate to repair the exterior hail damage to the building with

an explanatory letter advising that no coverage was afforded for the interior damage caused by rain as the roof or walls did not sustain damage by a Covered Cause of Loss allowing the rain to enter the interior of the building.

13. On March 10, 2022, after discovering a quantity issue in relation to the metal roof, Travelers provided Ambaji and Mr. Griffin with a revised estimate to repair the exterior hail damage to the Hotel totaling $205,272.98 at replacement cost value ("RCV") and $190,693.09 at actual cash value ("ACV"). As a result, payments totaling $185,693.09 (ACV less the $5,000 deductible in the Policy) were issued to Ambaji.

14. Ambaji disputes Travelers' valuation of the damage to the Hotel caused by the Loss.

15. The Policy contains a contractual alternative dispute resolution procedure by a three member panel called "Appraisal":

> **2. Appraisal**
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
>     **a.** Pay its chosen appraiser; and
>
>     **b.** Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

16. An appraisal is binding on the parties concerning the amount of loss.

17. Coverage or liability for the loss is not determined by the appraisal panel.

18. In the event the parties do not agree on coverage for certain claims or claim

components, the Appraisal clause can still be enforced by identifying items of disputed damages and requesting an appraisal award that separately addresses those damages. This allows the appraisal award to be a binding determination of the cost to repair all claimed items of damage while preserving the parties' rights to litigate coverage and liability for disputed items of damage after the appraisal is completed.

19. On February 25, 2022, Ambaji demanded an appraisal, designating Zack Baker as its appraiser. A true and correct copy of Ambaji's appraisal demand is attached as **_Exhibit B_**.

20. On March 17, 2022, Travelers responded to Ambaji's appraisal demand, informing Ambaji that appraisal under the Policy is limited to factual disputes over the amount of loss and cannot determine causation or resolve a dispute of coverage. Travelers' response further noted that Ambaji's demand did not provide any information indicating that there is a dispute as to coverage or causation for the interior water damage and detailed that, as explained in its letter dated February 7, 2022, there is no coverage for the interior damage portion of the estimate provided by Mr. Griffin. As a result, Travelers informed Ambaji that causation or coverage for the interior water damage is not appraisable.

21. To move forward with the Appraisal, Travelers requested that Ambaji provide the following information: (1) a complete copy of the signed agreement between Ambaji and its named appraiser, Mr. Baker, and (2) confirmation of the scope, and amount, of damages Ambaji was seeking to resolve via the Appraisal process, along with all available documentation supporting those damages. Subject to agreement over the terms of the Appraisal, Travelers designated Rodney Ray of IN-Line Consulting as its appraiser. A true and correct copy of Travelers' March 17, 2022 letter is attached as **_Exhibit C_**.

22. On May 4, 2022, after receiving the fee agreement between Ambaji and its

appraiser, Mr. Baker, Travelers sent a letter to Mr. Griffin to confirm the terms of the appraisal. Travelers reiterated its position that no coverage is afforded under the Policy for the interior water damage claimed by Ambaji and, therefore, appraisal of the interior water damage cannot be used to determine issues of coverage. Travelers further stated that it agreed to move forward with the appraisal with the understanding that the appraisers will be asked to value the following items:

    a. Costs to repair the exterior of the building to its pre-loss condition for the damage caused by hail; valued at

        i. Replacement Cost

        ii. Actual Cash Value

    b. Changes in construction, or the increased cost of construction, necessary to comply with building codes or ordinances which are enforced for the repair of building damage caused by hail.

    c. Costs to repair the interior of the building to its pre-loss condition for the damage caused by water; valued at

        i. Replacement Cost

        ii. Actual cash value

    d. Changes in construction, or the increased cost of construction, necessary to comply with building codes or ordinances which are enforced for the repair of the interior damage caused by water.

    e. Travelers informed Ambaji that it wished to attend any inspections of the building by the appraisers or umpire in order to observe and respond to any questions they may have. Travelers further informed Ambaji that no payments would be issued for items c. or d. above, as Travelers completed its coverage analysis for that portion of the claim and determined no coverage is available under the Policy issued to Ambaji. A true and correct copy of Travelers' May 4, 2022 letter is attached as ***<u>Exhibit D</u>***.

    23. On September 22, 2022, Mr. Griffin, on behalf of Ambaji, agreed to the terms and conditions detailed in Travelers' May 4, 2022 letter. In that same chain of e-mails, on September 20, 2022, Mr. Griffin, on behalf of Ambaji and with Mr. Baker copied on the e-mail, stated that Ambaji "agrees to [Travelers] attendance as long as we are given timely notice and able to attend

as well." A true and correct copy of the e-mail communication is attached as **_Exhibit E_**.

24. On March 20, 2023, Mr. Baker sent an email to Travelers, Mr. Griffin, Mr. Ray, and the umpire, Justin Willits of PCG Consulting, seeking to unilaterally cancel the prearranged inspection that was scheduled for March 21, 2023, because he "did not feel comfortable" with Travelers attendance at the inspection. A true and correct copy of Mr. Baker's email is attached as **_Exhibit F_**.

25. On March 28, 2023, Travelers sent a letter to Mr. Ray, Mr. Baker, and Mr. Willits, expressing surprise at Mr. Baker's attempts to unilaterally cancel the inspection. Travelers' letter detailed the e-mail correspondence from Mr. Griffin in September 2022 (attached as **_Exhibit E_**), which Mr. Baker was copied on, agreeing to allow Travelers to attend the panel inspection as long as Mr. Griffin/Ambaji was also allowed to attend. Travelers' letter further stated that, on March 16, 2023, Travelers advised all parties of the subsequent windstorm claim that occurred on March 3, 2023, and notified the parties of its intent to attend the panel inspection. Finally, Travelers requested that the appraisal panel move forward with appraisal at this time, disregarding any recent windstorm damage, and categorize the damage as outlined in the terms detailed in Travelers' May 4, 2022 letter, which Mr. Griffin, on behalf of Ambaji, agreed to via his e-mail correspondence on September 22, 2022. A true and correct copy of Travelers' March 28, 2023 letter is attached as **_Exhibit G_**.

26. On March 29, 2023, Mr. Griffin sent correspondence to Travelers indicating that there was never an agreement to allow Travelers and/or Ambaji to attend the panel inspection. On that same date, Mr. Baker sent correspondence to Travelers accusing Travelers of attempting to "influence" the appraisal panel. True and correct copies of Mr. Griffin and Mr. Baker's March 29, 2023 e-mails are attached as collective **_Exhibit H_**.

27. As of the date of the filing of this Complaint, the appraisal has not occurred.

## COUNT I
**(Compel Appraisal)**

28. Travelers re-asserts and realleges Paragraphs 1-26 as Paragraph 27 of Count I as though fully set forth herein.

29. The Appraisal process is contractually mandated by demand of either party.

30. Both parties have demanded and agreed to an appraisal pursuant to the Appraisal clause in Travelers' Policy.

31. Travelers has designated its appraiser and is prepared to proceed with an appraisal, provided that the appraisers disregard any windstorm damage related to the March 3, 2023 windstorm event and sufficiently itemize the following costs so that coverage, or lack thereof, under Travelers' Policy related to the interior damage can be properly considered at the conclusion of the appraisal:

   a. Costs to repair the exterior of the building to its pre-loss condition for the damage caused by hail; valued at
      i. Replacement Cost
      ii. Actual Cash Value

   b. Changes in construction, or the increased cost of construction, necessary to comply with building codes or ordinances which are enforced for the repair of building damage caused by hail.

   c. Costs to repair the interior of the building to its pre-loss condition for the damage caused by water; valued at
      i. Replacement Cost
      ii. Actual cash value

   d. Changes in construction, or the increased cost of construction, necessary to comply with building codes or ordinances which are enforced for the repair of the interior damage caused by water.

And with the understanding that that no payments would be issued for items c. or d. above, as

Travelers completed its coverage analysis for that portion of the claim and determined no coverage is available under the Policy issued to Ambaji.

32. Travelers further requested that it be allowed to attend any inspections of the Hotel by the appraisers or umpire in order to observe and respond to any questions they may have. Ambaji, by way of its public adjuster Mr. Griffin, agreed so long as Ambaji was afforded the same opportunity to attend the inspections.

33. Even though he was copied on the communications stating the agreement to allow the parties to attend the appraisal inspections, Ambaji's appraiser, Mr. Baker, has refused to move forward with the appraisal under the terms agreed to by Travelers and Ambaji.

34. An appraisal that does not sufficiently itemize costs that are subject to coverage limitations or exclusions in Travelers' Policy will not conclusively determine the "amount of loss" covered by Travelers' Policy and is therefore contrary to the terms of the Appraisal clause and the Policy as a whole.

35. An actual controversy exists between the parties concerning the form of the appraisal award.

36. This Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief as is necessary.

WHEREFORE, Plaintiff Travelers Indemnity Company of America requests this Court enter an Order compelling Defendant Ambaji, Inc. DBA Econo Lodge, La Vergne to (1) participate in an appraisal pursuant to the Appraisal clause of the Policy; and (2) that the appraisal award be sufficiently itemized to enable Travelers to identify any costs relating to the interior damage that Travelers has already determined there is no coverage available for under the Policy.

Dated: May 5, 2023                    Respectfully submitted,

*/s/ M. Patrick O'Neal*
M. Patrick O'Neal (BPR #034777)
Foran Glennon Palandech Ponzi & Rudloff PC
Highland Ridge II
555 Marriott Drive, Suite 315
Nashville, TN 37214
(615) 649-6279
poneal@fgppr.com

*Attorneys for Travelers Indemnity Company of America*