| | |
|---|---|
| **From:** | William Griffin |
| **To:** | Wells, Daniel W; drayton berkley |
| **Cc:** | Zachary Baker; jacksubway@gmail.com; Rodney Ray; justin@consultpcg.com |
| **Subject:** | Re: [External] Re: Ambaji Inc. DBA Econo Lodge Claim: FEF9077 - The Travelers Indemnity Company of America |
| **Date:** | Wednesday, March 29, 2023 11:27:00 AM |
| **Attachments:** | ~WRD0002.jpg<br>image001.png |

Dan,

Re-read the last communication in your email attachment -- we never agreed to do anything outside of the appraisal provision, and as shown in the Rutherford County Circuit Court action.

You are quoting an obvious typo in your letter's second paragraph as you know there was no "agreed memorandum" . You were, and still are, trying to re-write the policy terms and conditions, and the insured had to get legal representation to protect their financial interests.

Regards,

wg


On Wed, Mar 29, 2023 at 9:23 AM Wells, Daniel W <DWWELLS@travelers.com> wrote:

> Dear Panel,
>
> Please see the attached response letter.
>
> Thanks,
>
> **Dan Wells | General Adjuster | Business Insurance Major Case Unit**
>
> **Travelers**
>
> W: 843.614.2202   F: 866.381.6247
>
> Mailing Address: Travelers - P.O. Box 430 | Buffalo, NY 14240-0430
>
> 
>
> If further assistance is required, please contact my manager, Kevin Ledermann at klederma@travelers.com
>
> To upload documents to your claim, please use this link: Claim Upload Center.

From: Zachary Baker <zach@spartanpa.com>
Sent: Monday, March 20, 2023 7:53 PM
To: Wells, Daniel W <DWWELLS@travelers.com>
Cc: William Griffin <william@griffinlossconsultants.com>; jacksubway@gmail.com; Rodney Ray <rray@inline.us>; justin@consultpcg.com
Subject: [External] Re: Ambaji Inc. DBA Econo Lodge Claim: FEF9077 - The Travelers Indemnity Company of America

**CAUTION: This email came from outside of the company.**
**Please exercise caution when opening attachments, clicking links or responding to this email. The original sender of this email is zach@spartanpa.com.**

To Whom It May Concern,

I am canceling tomorrow's appointment as I do not feel comfortable with a principal party forcing their appearance and influence on an Appraisal Panel. This presents a serious ethical issue that is highly inappropriate.

Respectfully,

On Thu, Mar 16, 2023 at 2:34 PM Wells, Daniel W <DWWELLS@travelers.com> wrote:

> Hello Everyone,
>
> See the attached letter pertaining to the Ambaji appraisal.
>
> Thanks,
>
> **Dan Wells | General Adjuster | Business Insurance Major Case Unit**
>
> **Travelers**
>
> W: 843.614.2202   F: 866.381.6247
>
> Mailing Address: Travelers - P.O. Box 430 | Buffalo, NY 14240-0430

If further assistance is required, please contact my manager, Kevin Ledermann at klederma@travelers.com

To upload documents to your claim, please use this link: Claim Upload Center.

This message (including any attachments) may contain confidential, proprietary, privileged and/or private information. The information is intended to be for the use of the individual or entity designated above. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.

--

Zachary M Baker

LPIA,CPLA,CPLU



| From: | Zachary Baker |
|---|---|
| To: | Wells, Daniel W |
| Cc: | Rodney Ray; William Griffin; jacksubway@gmail.com; justin@consultpcg.com |
| Subject: | Re: [External] Re: Ambaji Inc. DBA Econo Lodge Claim: FEF9077 - The Travelers Indemnity Company of America |
| Date: | Wednesday, March 29, 2023 12:07:44 PM |
| Attachments: | ~WRD0002.jpg |
| | image001.png |

Mr. Wells,

You can attempt to paint me as the unreasonable party, but one principal took it upon themselves to attempt to drastically alter the traditional Appraisal process by appearing during the first Panel inspection (only a few days prior to said meeting via email) to direct the Panel as to how to rule without a supporting memorandum or policy provision in place.  I have been a part of hundreds of appraisals, across several states and I will not entertain any outside influence or direction from either principal without a memorandum signed by both principal parties or a court order (signed by a Judge).  I will continue, even with your outside attempt at influence, to adhere to the ethical standards set forth by the Appraisal/Umpire training program outlined in P.L.A.N. as well as every other training/certifying body in reference to Insurance Appraisal & Umpire protocols.  Additionally, per my email sent to Mr. Ray previously,

"*It is not for either of us to make decisions in reference to memorandums of appraisal.  This is a matter for the principal parties to sort out.  Additionally, below are some recent cases that I believe allow us to fully evaluate all damages on site in order to fully appraise the loss.*

 *-Smith v. State Farm Fire & Cas. Co., 2021 U.S. Dist. LEXIS 245386 (W.D. Tenn. Oct. 27, 2021). This case stems from March 3, 2020 storm damage to the insured's house. Here, the Court granted the insured's motion to compel appraisal. The Policy mandated appraisal if two requirements were met: 1) a dispute regarding the amount of loss and 2) a written demand for appraisal made. The only issue before the Court was whether the parties disagreed on the amount of loss. The insurer argued the parties disagreed only on the scope of covered loss, not the amount of loss. Specifically, the insured claimed there was residual damage to the buildings that had not, but should have been, covered, and the insurer argued that there was no additional covered loss because there was no residual damage. Citing Kush, the Court stated, "By contesting whether there is additional loss, however, [a Defendant] necessarily disagrees with [a Plaintiff] that the total amount of loss Plaintiff incurred includes any additional loss." Here, because the insurer contested the insured's assertion that additional loss should be covered, the total amount of loss was in dispute. Therefore, the Court held that appraisal was appropriate and granted the insured's motion to compel appraisal.*

*\*Key points – (1) "Scope" is part of "amount of loss" – appraisal is not limited to the insurance company's scope of work. (2) Appraisal is mandatory once properly invoked. If appraisal is invoked, all the court has to decide is whether parties disagree about the amount of loss and if so, appraisal must proceed. (3) Coverage and causation issues can be resolved by the court after the appraisal award.*


 *-State Farm Fire & Cas. Co. v. Harper, 2021 U.S. Dist. LEXIS 245383 (M.D. Tenn. Aug. 13, 2021). This case stems from the March 3, 2020 tornado that affected Nashville and the insured's home. The Court granted the insured's motion to compel appraisal. The issue was*

*"whether a disagreement over the scope of the work is something more than a disagreement over the amount of loss." The insured's engineer called for a much broader scope of work than the scope dictated by State Farm's engineer. The Court found that the appraisal provision should be enforced, specifically stating, "[appraisal is proper in this instance because defining the 'scope of the work' is inherent in determining the 'amount of loss.'" Additionally the court held that "a dispute over scope of the work is nothing more than a dispute over the monetary value of returning the insured premises to its pre-loss condition. Whether the property needs to be repaired or replaced is ultimately a disagreement over the amount of loss. Based on the plain language of the insurance policy, this is a matter that may be handled through appraisal."*

*\*Key Points – First, scope is appraisable and is part and parcel of amount of loss. Second, the court held that "whether the property can be repaired or replaced is a disagreement about the amount of loss." Thus, "means and methods" are appraisable. Third, the court noted that disputes about scope are unsurprising and if scope disputes could be used to avoid appraisal then "it would effectively eliminate appraisal as a workable method of alternative dispute resolution."*

*-State Farm Fire & Cas. Co. v. Harper, 2022 U.S. Dist. LEXIS 59865 (M.D. Mar. 31, 2022). This Court was tasked with reviewing the Magistrate's order compelling appraisal in the above cited Harper (2021 U.S. Dist. LEXIS 245383). The District Court affirmed the prior Order, allowing appraisal to proceed. The court noted that "defining the 'scope of work' is inherent in determining the value of the property damages, i.e. the cost to return the property to its pre-loss condition."*

**TLDR**-
1. There's no support in policy, memorandum, or case law (that any attorney I've consulted with can find) for the unethical actions you are attempting to force upon this panel.

2. Sort out your coverage defense with the opposing principal party, not the Appraisal Panel.

On Wed, Mar 29, 2023 at 9:23 AM Wells, Daniel W <DWWELLS@travelers.com> wrote:

> Dear Panel,
>
> Please see the attached response letter.
>
> Thanks,
>
> **Dan Wells | General Adjuster | Business Insurance Major Case Unit**

Travelers

W: 843.614.2202   F: 866.381.6247

Mailing Address: Travelers - P.O. Box 430 | Buffalo, NY 14240-0430

If further assistance is required, please contact my manager, Kevin Ledermann at klederma@travelers.com

To upload documents to your claim, please use this link: Claim Upload Center.

---

**From:** Zachary Baker <zach@spartanpa.com>
**Sent:** Monday, March 20, 2023 7:53 PM
**To:** Wells, Daniel W <DWWELLS@travelers.com>
**Cc:** William Griffin <william@griffinlossconsultants.com>; jacksubway@gmail.com; Rodney Ray <rray@inline.us>; justin@consultpcg.com
**Subject:** [External] Re: Ambaji Inc. DBA Econo Lodge Claim: FEF9077 - The Travelers Indemnity Company of America

> **CAUTION: This email came from outside of the company.**
> **Please exercise caution when opening attachments, clicking links or responding to this email. The original sender of this email is zach@spartanpa.com.**

To Whom It May Concern,

I am canceling tomorrow's appointment as I do not feel comfortable with a principal party forcing their appearance and influence on an Appraisal Panel.  This presents a serious ethical issue that is highly inappropriate.

Respectfully,

On Thu, Mar 16, 2023 at 2:34 PM Wells, Daniel W <DWWELLS@travelers.com> wrote:

Hello Everyone,

See the attached letter pertaining to the Ambaji appraisal.

Thanks,

**Dan Wells | General Adjuster | Business Insurance Major Case Unit**

**Travelers**

W: 843.614.2202   F: 866.381.6247

Mailing Address: Travelers - P.O. Box 430 | Buffalo, NY 14240-0430

If further assistance is required, please contact my manager, Kevin Ledermann at klederma@travelers.com

To upload documents to your claim, please use this link: Claim Upload Center.

This message (including any attachments) may contain confidential, proprietary, privileged and/or private information. The information is intended to be for the use of the individual or entity designated above. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.

--

Zachary M Baker

LPIA,CPLA,CPLU

