# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **TRAVELERS INDEMNITY COMPANY OF AMERICA,** ) ) ) | |
| Plaintiff, ) ) | NO. 3:23-cv-00451 |
| v. ) ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE NEWBERN |
| **AMBAJI, INC.,** ) ) | |
| Defendant. ) | |

## <u>MEMORANDUM</u>

Pending before the Court is Plaintiff Travelers Indemnity Company of America's ("Travelers") Motion For Summary Judgment. (Doc. No. 30). Defendant Ambaji, Inc. ("Ambaji") filed a response in opposition (Doc. No. 33), and Travelers filed a reply (Doc. No. 34). For the reasons discussed below, the Motion (Doc. No. 30) is **GRANTED**.

### I. BACKGROUND

Ambaji owns a commercial property, which it operates as a hotel, located at 107 Enterprise Blvd. La Vergne, TN 37086 (the "Insured Premises"). (Doc. No. 33-2 ¶ 1; Doc. No. 30-3 at PageID # 322). Ambaji insured the Insured Premises with Travelers under Policy No. IH660-7E968115A (the "Policy"). (Doc. No. 33-2 ¶ 1; Doc. No. 30-3 at PageID # 322). On July 31, 2021, Ambaji reported that a hailstorm struck the Insured Premises and resulted in damage to the roof and interior. (Doc. No. 33-2 ¶ 2; Doc. No. 30-3 at PageID # 322). In November 2021, Ambaji provided Travelers with a repair estimate for the loss from its public adjuster, William Griffin ("Griffin"), totaling $716,831.31. (Doc. No. 30-2 ¶ 3; Doc. No. 30-3 at PageID # 323). Griffin's repair estimate included repair costs for both interior and exterior damage. (Doc. No. 33-2 ¶ 3; Doc. No. 30-3 at PageID # 323). Travelers investigated the Insured Premises and provided Griffin and Ambaji an

initial repair estimate for the exterior hail damage and stated that the Policy did not afford coverage for interior damage caused by rain. (Doc. No. 33-2 ¶ 4; Doc. No. 30-2 at PageID # 323).

Ambaji invoked the appraisal provision of the Policy. (Doc. No. 33-2 ¶ 6; Doc. No. 30-3 at PageID # 323; Doc. No. 30-4). Travelers agreed to appraisal subject to the following terms: The appraisers would be asked to value (1) Costs to repair the exterior of the building to its pre-loss condition for the damage caused by hail valued at Replacement Cost and Actual Cash Value; (2) Changes in construction, or the increased cost of construction, necessary to comply with building codes or ordinances which are enforced for the repair of building damage caused by hail; (3) Costs to repair the interior of the building to its pre-loss condition for the damage caused by water valued at Replacement Cost and Actual cash value; (4) Changes in construction, or the increased cost of construction, necessary to comply with building codes or ordinances which are enforced for the repair of the interior damage caused by water; and (5) Travelers informed Ambaji that it wished to attend any inspections of the building by the appraisers or umpire in order to observe and respond to any questions they may have. (Doc. No. 33-2 13; Doc. No. 30-3 at PageID # 324-325).

Travelers also informed Ambaji that the appraisal could not be used to determine issues of coverage and that no payments would be issued for the interior water damage because no coverage was available under the Policy for that portion of the claim. (*Id.*)

Griffin emailed Travelers in September 2022 and stated that Ambaji "has agreed to [Travelers] bifurcation methods as long as they comply with the contractual terms of the policy and the appraisal provision [Travelers] put in the contract" and agreed "to [Travelers] attendance as long as we are given timely notice and able to attend as well." (Doc. No. 30-8 at PageID # 338). Griffin also stated "[w]e did agree to your terms and conditions so the matter could be resolved." (Doc. No. 30-8 at PageID # 337).

2

In March 2023, Ambaji's appraiser sought to cancel the appraisal inspection because he did not feel comfortable with Travelers attendance at the inspection and accused Travelers of attempting to influence the appraisal panel. (Doc. No. 33-2 at PageID # 372; Doc. No. 30-5 at PageID # 330). Griffin subsequently informed Travelers that he "never agreed to do anything outside of the appraisal provision," which Travelers construes as an indication that there was never an agreement to allow Travelers and/or Ambaji to attend the panel inspection. (Doc. No. 33-2 ¶ 11; Doc. No. 30-3 at PageID # 324).

Travelers filed suit in May 2023 seeking an Order (1) compelling Ambaji to participate in appraisal pursuant to the Policy; and (2) requiring the appraisal award to be sufficiently itemized to enable Travelers to identify any costs related to the interior damage that Travelers maintains there is no coverage for under the Policy.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The summary judgment movant has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's*

3

*Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

### III. ANALYSIS

"A federal court sitting in diversity applies the substantive law of the state in which it sits." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001). "In Tennessee, absent a valid choice of law provision, the rights and obligations under an insurance policy are governed by the law of the state where the insurance policy was 'made and delivered.'" *Charles Hampton's A-1 Signs, Inc. v. Am. States Ins. Co.*, 225 S.W.3d 482, 485 n.1 (Tenn. Ct. App. 2006). Because the Policy was issued and delivered in Tennessee (Doc. No. 1-1 at PageID # 11), the Court will apply Tennessee substantive law to the interpretation and effect of the Policy.[1]

Under Tennessee law, "an insurance policy is a contract, and as such, [the court's] analysis must be grounded in principles of contract law." *Christenberry v. Tipton*, 160 S.W.3d 487, 492 (Tenn. 2005). Thus, the terms of an insurance contract "should be given their plain and ordinary meaning." *Garrison v. Bickford*, 377 S.W.3d 659, 663 (Tenn. 2012). Where the language of the policy is clear and unambiguous, the court must give effect to that meaning. *Id.* "Language in an insurance policy is ambiguous if it is susceptible of more than one reasonable interpretation." *Artist Bldg. Partners v. Auto-Owners Mut. Ins. Co.*, 435 S.W.3d 202, 216 (Tenn. Ct. App. 2013). "When

---

[1] The parties seem to agree, as their legal arguments invoke Tennessee law. (*See generally* Doc. Nos. 30-1, 33-1).

a provision that purports to limit insurance is ambiguous, it must be construed against the insurance company and in favor of the insured." *Id.* "The Court's analysis of the applicability of the appraisal clause begins and ends with the plain language of the policy." *State Farm Fire & Cas. Co. v. Harper*, No. 3:20-cv-00856, 2022 WL 989088, at *4 (M.D. Tenn. Mar. 31, 2022).

In the present case, the appraisal provision in the Policy provides as follows:

**2. Appraisal**

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and
**b.** Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we still retain our right to deny the claim.

(Doc. No. 1-1 at PageID # 39; Doc. No. 33-2 ¶ 5).

When considering a similar appraisal provision in *Kush Enterprises, LLC v. Massachusetts Bay Ins. Co.*, No. 3:18-cv-492, 2019 WL 13117568, at *2 (E.D. Tenn. Nov. 7, 2019), which was decided in the context of a motion to compel appraisal, the Court held that the appraisal provision "mandates the appraisal process if (1) the parties disagree on the amount of loss and (2) either party makes a written demand for an appraisal of the loss." Here, neither party disputes that Ambaji made a written demand for an appraisal. (Doc. No. 33-2 ¶ 6). Accordingly, as in *Kush*, the only issue for the Court to decide is whether the parties disagree on the amount of loss. *See Kush*, 2019 WL 13117568, at *2. ‼

It is undisputed that the parties in the present case disagree on the amount of loss. Specifically, Griffin provided a repair estimate to Travelers which included repairs for exterior

hail damage and interior water damage. (Doc. No. 33-2 ¶ 3; Doc. No. 30-3 at PageID # 323). Travelers provided its own repair estimate to Ambaji and Griffin for repairs to the exterior hail damage and advised that no coverage was afforded for the interior damage caused by rain. (Doc. No. 33-2 ¶ 4; Doc. No. 30-3 at PageID # 323). Ambaji's representative also advised Travelers that it "respectfully disagree[s] with the amount of loss that [Travelers] calculated in the above referenced claim" when it invoked the appraisal provision. (Doc. No. 1-5 at PageID # 167).

Moreover, that Travelers concedes the Policy covers a portion of the claim and excludes others does not preclude the appraisal process. In *Morrow v. State Farm Fire & Casualty Co.*, cited *infra*, the insurer argued that appraisal was improper because its initial payment represented the full value of the damage. The Court rejected this argument and held that it "fails to see how State Farm's argument in this instance that it is denying coverage for certain repairs in Morrow's estimate is any different than a dispute about the scope of work a repair requires" and that to adopt such reasoning "would allow insurance agencies to avoid appraisal by claiming there is a coverage issue, even when the dispute concerns additional amounts of loss." *Id.* at *676. Accordingly, the Court in *Morrow* recognized that where parties agree that the policy covers some damage but dispute "the extent and the amount of the loss", appraisal is appropriate. 592 F. Supp. 3d 672, 676 (E.D. Tenn. 2022).

Here, the Court finds that Travelers has satisfied its burden of showing that no genuine dispute exists as to the fact that Ambaji made a written demand for appraisal and that the parties disagree on the amount of loss.[2] The Court also agrees with Travelers that an itemized appraisal is

---

[2] Both parties are correct that the scope of an appraisal is not unlimited and is to determine disputes as to the amount of loss, not questions of coverage and liability. *Merrimack Mut. Fire Ins. Co. v. Batts*, 59 S.W.3d 142, 149 (Tenn. App. 2001); *Morrow v. State Farm Fire & Cas. Co.*, 592 F. Supp. 3d 672, 676 (E.D. Tenn. 2022). But the Court need not address this issue at this stage.

appropriate and will likely save both parties time and resources as each party will better understand the other's position. Moreover, while the Court need not now address Traveler's position that portions of the claim are not covered under the Policy, itemization of the appraisal award will likely aid the Court in considering any future coverage issues that may arise. *Morrow v. State Farm Fire & Cas. Co.*, 592 F. Supp. 3d 672, 677 (E.D. Tenn. 2022) (holding that where insurer disputed coverage for a portion of the damage alleged by insured but agreed that some of the claimed damage was covered by the Policy, "the appraisers in this case should take care to ensure that the appraisal is detailed and itemized.").

    An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE